39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. GUNTER, Petitioner-Appellant,
v.
Shirley A. ROGERS, Warden, Respondent-Appellee.
 No. 93-4380.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1994.
 
 Before: CELEBREZZE, KEITH and MILBURN, Circuit Judges.
 CELEBREZZE, Circuit Judge.
 
 
 1
 Petitioner David Gunter and his brother Dennis Gunter were indicted in Lorain County Common Pleas Court on one count each aggravated burglary and theft. The charges arose from a theft of items from a Sheffield Lake home, perpetrated while a friend of the Gunters baby sat.
 
 
 2
 As each brother was indigent, the court appointed an attorney to represent them both. Both brothers entered not guilty pleas to the charges. Pursuant to the plea negotiations between the attorney and the assistant county prosecutor, the prosecutor offered to allow Dennis Gunter to plead guilty to the lesser included offense of burglary and to allow petitioner David Gunter to plead guilty to the aggravated burglary charge in exchange for dropping the remaining charges. The only condition was that both brothers plead guilty.
 
 
 3
 Defense counsel informed his clients of the proposal and specifically told petitioner that his brother Dennis would not be offered the reduced charge of burglary if he did not plead guilty to aggravated burglary. Petitioner now indicates he wished to go to trial, but, upon advice of counsel, agreed to the plea bargain. Defense counsel Tully believed, and continues to believe, it was in the best interests of both clients to agree to the plea bargain.
 
 
 4
 Petitioner brought this writ of habeas corpus action in the United States District Court for the Northern District of Ohio, Eastern Division, after exhausting his state post conviction relief remedies and after he was consistently denied relief in the Ohio state courts. Petitioner alleges his guilty plea was involuntarily induced by the ineffective assistance of defense counsel. Petitioner specifically asserts defense counsel's representation of both brothers was a conflict of interest which deprived petitioner of the effective assistance of counsel.
 
 
 5
 State prisoners, like petitioner, may file a 28 U.S.C. Sec. 2254 petition for writ of habeas corpus to challenge the constitutionality of their state court convictions, after exhausting all available state court remedies. 28 U.S.C. Sec. 2254(a)-(c). We review de novo denials of petitions for writs of habeas corpus and review district court factual findings for clear error. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1867 (1994); Levine v. Torvik, 986 F.2d 1506, 1512 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993). Pursuant to 28 U.S.C. Sec. 2254(d), however, this court gives complete deference to district court findings supported by the evidence and gives state court findings a presumption of correctness, where, as here, there is no evidence to the contrary. Marshall v. Lonberger, 459 U.S. at 422, 437 (1983); Sumner v. Mata, 449 U.S. 539 (1981), reaff'd 455 U.S. 591, 597 (1982); Carter v. Sowders, 5 F.3d at 978.
 
 
 6
 The district court denied David Gunter's petition for habeas corpus on the basis of its finding that the conflict of interest did not have an "adverse effect" on the voluntariness of petitioner's guilty plea, which would establish a violation of his sixth amendment right to the effective assistance of counsel.
 
 
 7
 On appeal, petitioner reasserts that defense counsel's duel representation of petitioner and his brother created a conflict of interest which adversely affected him and thus deprived him of the effective assistance of counsel. The basis of Gunter's petition is that he was forced, upon advice of counsel, to enter a guilty plea so that, as a part of the package offered by the prosecutor, his brother could plead guilty to a lesser charge.
 
 
 8
 To obtain habeas corpus relief, the petitioner must establish "actual prejudice." Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1722, reh'g denied, --- U.S. ----, 113 S.Ct. 2951 (1993). Though a petitioner must establish a constitutional error to obtain habeas relief, a constitutional error is deemed harmless unless it had a "substantial and injurious effect or influence" in determining the outcome of the case. Brecht v. Abrahamson, 113 S.Ct. at 1722.
 
 
 9
 In this instance, petitioner charges that defense counsel's explanation and advice were tainted by his conflict of interest in representing the two brothers. To make this claim, petitioner must establish that an actual conflict of interest adversely affected his counsel's performance to petitioner's detriment. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.1987), cert. denied, 484 U.S. 870. Joint representation alone is not sufficient to constitute ineffective assistance of counsel due to a conflict of interest. Thomas v. Foltz, 818 F.2d at 482. Our review of the transcript of the guilty plea reveals no use of force or coercion to elicit petitioner's participation in the plea arrangement. Further, it must be noted that petitioner received a lighter sentence than he might have absent the plea agreement and, thus, the plea bargain was of some benefit to petitioner. Finally, the record discloses defense counsel indicated that Gunter decided to plead guilty at least a week before the prosecution made the joint offer.
 
 
 10
 As the district court noted, a voluntary and intelligently made guilty plea, with full knowledge of the consequences, must stand unless there is evidence the plea was made under a threat or via misrepresentation. Brady v. United States, 397 U.S. 742, 758 (1970). It is ordinarily presumed, absent evidence to the contrary, that defense counsel has adequately explained the nature of the charges. Marshall v. Longerger, 459 U.S. at 437.
 
 
 11
 The state appellate court, in ruling on petitioner's motion for post conviction relief, reported that during the evidentiary hearing defense counsel acknowledged that, with the benefit of hind sight, the dual representation may have been a conflict. Counsel further stated, however, that petitioner wanted to plead guilty to allow his brother to enter the plea bargain. The attorney also listed a number of reasons why he believed the guilty plea was in petitioner's best interests.
 
 
 12
 As noted earlier, this court gives such state court findings a presumption of correctness, where, as here, there is no evidence to the contrary. See 28 U.S.C. Sec. 2254(d); Marshall v. Lonberger, 459 U.S. at 437 (1983); Sumner v. Mata, 455 U.S. at 597. Thus, as petitioner received a lighter sentence than he would have absent the plea agreement and as there was no real adverse effect on petitioner, we find the district court properly declined to find an injustice warranting habeas corpus relief.
 
 
 13
 The judgment of the district court is hereby AFFIRMED.